Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5845 | **DATE** | 4/11/2002 |
| **CASE TITLE** | INEZ RICHARDSON NKEMDI vs. COUNTY OF COOK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendant's motion to dismiss is granted. Nkemki's amended complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within fourteen days of this order if plaintiff can do so consistent with the requirements of Fed.R.Civ.Proc. 11.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 1 2 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 12 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | APR 1 2 2002 | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INEZ RICHARDSON NKEMDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 5845 |
| v. ) | |
| ) | Judge John W. Darrah |
| COUNTY OF COOK, ) | |
| ) | **DOCKETED** |
| Defendant. ) | |
| | APR 1 2 2002 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Inez Nkemdi ("Nkemdi"), filed a *pro se* complaint against Defendant, County of Cook, alleging age and sex discrimination. In October 2000, the complaint was dismissed for insufficient process, insufficient service of process, and failure to state a claim. Leave was granted to file an amended complaint within sixty days. Subsequently, Nkemdi filed an amended complaint, entitled "Amendment". The amended complaint alleges "Cause of action: Age & Sex discrimination according to policies of Cook County." It further states that the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue on December 10,1998, and that "[e]xhaustion of all remedies were not completed until March 31, 2000." Before this Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint not to decide the merits of the case. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint are taken as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When a complaint is prepared by a *pro se* litigant, the complaint may be dismissed for failure to state a claim only when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Claims that are barred by the applicable statute of limitations may be dismissed under a Rule 12(b)(6) analysis. *See Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669 (7th Cir. 1998).

Nkemdi's amended complaint appears to allege three causes of action: (1) age discrimination in violation of the Age Discrimination and Employment Act ("ADEA"), (2) sex discrimination in violation of Title VII, and (3) a 42 U.S.C. § 1983 claim.

Defendant argues that Nkemdi's age and sex discrimination claims are barred by the statute of limitations.

Civil actions filed pursuant to Title VII and the ADEA must be filed within ninety days of the receipt of a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626(e); *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). Here, Nkemdi received her right-to-sue notice from the EEOC on December 10, 1998, but failed to file her initial complaint until September 9, 2000. As such, these claims are barred.

Assuming argumendo, that Nkemdi had timely filed her Title VII action, the claim would still be dismissed because it was not included in her claim to the EEOC.

Generally, a Title VII plaintiff cannot bring a claim of discrimination that is not included in the EEOC charge. *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000). In the instant case, the only box checked on the EEOC charge is that for age discrimination, and Nkemdi's written allegations only allege that she was discriminated against because of her age.  Accordingly,

Nkemdi's Title VII claim would be dismissed on this alternative ground.

Defendant also argues that Nkemdi's 42 U.S.C. § 1983 claim, assuming one is alleged, is barred by the applicable statute of limitations.

Section 1983 claims that arise in Illinois are governed by a two-year statute of limitations. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). The limitations period begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later. *Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994).

Here, the alleged discrimination took place on July 10, 1998, when Nkemdi did not receive a promotion/transfer. Shortly thereafter, Nkemdi filed a claim with the EEOC based on this event. Therefore, Nkemdi either knew or should have known that her constitutional rights had been violated triggering the statute of limitations. Nkemdi's original complaint was filed more than two years after this date. Accordingly, the Section 1983 claim is barred by the statute of limitations.

For the reasons set forth above, Defendant's Motion to Dismiss is granted. Nkemdi's amended complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within fourteen days of this order if plaintiff can do so consistent with the requirements of Fed. R.Civ. Proc. 11.

Dated: April 11, 2002

JOHN W. DARRAH
United States District Judge

3